---

### Cnmmonwealth v. Prall.

(Decided January 12, 1911.)

### Appeal from Nelson Circuit Court.

Roads—Offenses Under Section 4325— Jurisdiction.—Circuit Courts have jurisdiction of the offense under Section 4325, Ky. Statutes, of materially damaging a public road by making an unusual use thereof, the limit of the fine exceeding twenty dollars and there being no Statute conferring exclusive jurisdiction on any other court.

JAS. BREATHITT, Attorney General, TOM B. M'GREGOR, Assistant Attorney General, REDFORD B. CHENY and F. E. DAUGHERTY for appellant.

NAT W. HALSTEAD for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Reversing.

This is a proceeding by penal action in the Nelson Circuit Court instituted by the Commonwealth of Kentucky against appellee, T. L. Prall, to recover the penalty imposed by the statute for materially damaging a public road by making an unusual use thereof and failing to repair the same when notified by the supervisor or overseer of roads to do so. After describing the road the petition is as follows:

"That the said defendant made unusual use of said public road and turnpike in this: That during said time he loaded upon wagons with narrow tread wheels, as many as six or more large saw logs to each wagon aggregating very great weight and hauled same along, upon, over and across the said turnpike road from a point eight or nine miles east of Bardstown to the railroad station at the latter place; that at many times said heavy hauling was done while the road was muddy and wet, and said loads were so heavy that at no time would it stand said heavy hauling without material damage, although said road before said hauling was done on same was a good, durable, strong and well-built road, having Tilford paving beneath and a layer of crushed or knapped stone on top. That the defendant, his agents, servants, and employees, in charge of said wagons loaded with heavy logs as aforesaid in driving and hauling over said road, and especially in going down the grades on same in order to hold the weight of said loads off the teams, pulling same many times and in many places on said road, recklessly drove over to the edge of said road and off the edge of said road with one wheel, the other wheel being thereon, so that the face or curb stones of said pike were torn out of place; and in other places on said road owing to the extremely and unusual heavy and excessive loads on said wagons, and owing to the narrowness of the tread of the wheels of the wagons on which logs were hauled, and owing to the careless and reckless driving and hauling, said road was torn up, and the top metal and Tilford paving beneath were displaced so that said road was left in great holes and ruts, some of them from six to twelve inches in depth, and said road was greatly and materially damaged by said unusual use so that it became at places almost impassible and unfit for public travel. Plaintiff says that said loads of logs hauled over said road by the defendants during said time, were of such unusual and excessive weight and so heavy that no public road or turnpike could withstand the loads so hauled without great and material damage and injury, a fact well known to defendant, and that the hauling of such loads with such unusual and excessive weight was wholly unnecessary, and said acts and conduct upon the part of the defendant was wanton, wilful and highhanded and in utter disregard of the rights of the public using and having a right to use said public road."

The petition then concludes with an allegation to the effect that John E. Blain, who at the time was the supervisor or overseer of the road, notified appellee to repair the road, and appellee failed and refused to do so.

Appellee demurred to the jurisdiction of the court. The demurrer was sustained and the proceeding dismissed. From that judgment the Commonwealth appeals.

The only question to be determined is whether or not the Nelson circuit court had jurisdiction.

Section 4325, Ky. Stats., is as follows:

"Any corporation, company or individual who may, by unusual use of a road, materially damage the same, shall repair all damage caused by the use of such road or roads. The supervisor or overseer of roads shall, at any time when necessary, notify said corporations, companies or individuals of their duty as provided in this section; and should the said parties so notified fail, in a reasonable length of time, to be filed in the notice, to make such repairs, such parties shall be deemed guilty of obstructing the public roads, and shall be subject to a fine of not exceeding one hundred dollars, to be applied to road purposes."

Section 4335, Ky. Stats., is as follows:

"Any person who shall willfully obstruct, injure or destroy any of said public roads or bridges, any index or finger board, or any culvert or ditch on said roads, or shall willfully injure any of the tools or implements, or who shall, without right, take possession of or use or appropriate the same, shall be fined for each offense not less than five nor more than fifty dollars, to be recovered in like manner as fines against contractors, and shall also be liable in a civil action for double damages to the county, or any person aggrieved or injured, to be recovered in any court in the county having jurisdiction of the amount claimed. It shall be the duty of the supervisor or overseer and his assistants, and all constables, town marshals and sheriffs, to report promptly to the county judge or some justice of the peace all violations of this act."

It is insisted by counsel for appellee that, because it was charged in the proceeding that the act of appellee was wanton, willful and high-handed, the offense charged was the one denounced by section 4335. It will be observed, however, that the offense charged in the

petition is that appellee injured the road by making an unusual use thereof. The allegation that appellee's acts' and conduct were wanton, willful and high-handed were mere surplusage and did not have the effect of making the offense one covered by section 4335. Section 4325 is complete in itself. While it does say that a person violating the provisions thereof shall be deemed guilty of obstructing the public roads, the legislature had the right to prescribe, and did prescribe, for that character of obstruction a punishment different from that fixed by section 4335.

The offense charged against appellee is a misdemeanor, and in misdemeanor cases where the highest penalty that may be imposed is a fine of $100.00 and imprisonment for 50 days, the offender may be prosecuted by warrant, as provided in the Criminal Code, or by information filed by the Commonwealth's attorney or county attorney in the circuit court, or before the county judge or a justice of the peace, or police or city judge. (Ky. Stats., section 1141).

By section 1093, it is provided that justices' and quarterly courts and the judges thereof shall have jurisdiction exclusive of circuit courts in all penal cases, the punishment of which is limited to a fine not exceeding twenty dollars, and jurisdiction concurrent with circuit courts of all penal cases, the punishment of which is limited to a fine not exceeding one hundred dollars or imprisonment not exceeding fifty days, or both.

The rule is well settled in this State that the foregoing section gives to the circuit court jurisdiction of all matters, both in law and equity, of which jurisdiction is not exclusively delegated to some other tribunal, and that no statutes should be construed to divest it of jurisdiction of any matter unless it is in express terms or clearly so provided. (Commonwealth v. Wickersham, 99 Ky. 22).

The rule above announced accords with the general doctrine upon the subject. Thus, in Cyc. vol. 12, p. 199, it is said: "Where a court has jurisdiction of a crime, a statute simply conferring the same jurisdiction on another court, does not deprive the former of its jurisdiction, in the absence of an express provision or clear implication to that effect, but merely confers concurrent jurisdiction." Not only is this true, but the same rule has been fixed by statute, for section 966, Ky. Stats., provides that the circuit court shall be a court of

record, and shall have original jurisdiction of all matters, both in law and equity, of which jurisdiction is not exclusively delegated to some other tribunal.

There is nothing in section 4336, Ky. Stats., which confers exclusive jurisdiction of this character of cases on other courts than the circuit court. It is true that section contains the following language: ''In all cases, when the party is fined more than fifty dollars, an appeal shall lie to the circuit court.'' The purpose was to provide an appeal in cases where the proceeding was instituted in an inferior court and the fine exceeded $50.00. There is nothing in the section limiting the original jurisdiction of circuit courts. Nor is there any other section, which we have been able to find, which by express terms or by necessary implication confers exclusive jurisdiction in this character of cases on courts other than the circuit court. The only case in which exclusive jurisdiction is conferred upon justices' and quarterly courts in penal actions is where the punishment is limited to a fine not exceeding $20.00. For the offense charged against the appellee the limit of the fine is $100.00. Even if this were a proceding under section 4335, which we have decided is not the case, the circuit court would still have jurisdiction, for the limit of the fine under that section is $50.00.

As the circuit court has jurisdiction of all matters, both in law and equity, of which jurisdiction is not exclusively delegated to some other tribunal, and as there is no statute conferring upon any inferior court exclusive jurisdiction of prosecutions under section 4335, it follows that the Nelson circuit court had jurisdiction of the offense charged against appellee.

Judgment reversed and cause remanded for proceedings consistent with this opinion.