TRU GREEN
CORPORATION, Appellant,

v.

Ernest L. SAMPSON, Jerald L. Colyer, as Agents for the Former Shareholders of Excelawn Corporation of America; Kathie McDonald and Edwin H. Perry, Appellees.

No. 89–CA–2225–MR.

Court of Appeals of Kentucky.

Feb. 8, 1991.

Richard M. Sullivan and Edward F. Busch, Conliffe, Sandmann, Gorman & Sullivan, Louisville, and Stephen P. Stanczak, Oak Brook, Ill., for appellant.

Edwin H. Perry and Kathie M. McDonald, Greenebaum, Doll & McDonald, Louisville, for appellees.

Before DYCHE, EMBERTON and GUDGEL, JJ.

DYCHE, Judge.

The sole issue for decision herein is whether a Kentucky court may, under the Uniform Arbitration Act (KRS 417.-045–.240), enforce an arbitrator's award rendered outside the Commonwealth following a hearing also outside the Commonwealth. We answer in the negative, reverse the judgment of the Jefferson Circuit Court and remand this action for an order dismissing the application for confirmation. (KRS 417.150).

Appellees Sampson and Colyer and appellant entered into an agreement which included a provision for arbitration of certain disputes which might arise under the agreement. The arbitration was to be "held at Cincinnati, Ohio, in accordance with the rules of the American Arbitration Association...."

Disputes did in fact arise and were submitted for arbitration as above described. The arbitration hearing took place in Cincinnati on February 21, 1989; on June 19, 1989, the arbitrator rendered an award in Cincinnati which included reimbursement of Colyer's and Sampson's attorney fees in the amount of $21,049.00. Appellant paid the other parts of the award, but protested the fee reimbursement; no statutory motion to vacate (KRS 417.160) or other formal objection was made.

On September 26, 1989, Sampson and Colyer, by counsel (the other appellees, Mc-

Donald and Perry), filed an application in the Jefferson Circuit Court seeking confirmation of the award. Without any hearing or other opportunity for appellant to be heard, the trial court entered a judgment confirming the award and awarding costs and attorney fees of the confirmation proceeding. This appeal followed.

██ Appellant argues that the Jefferson Circuit Court was without jurisdiction over the subject matter of this controversy. We agree. This action was initiated, litigated and appealed pursuant to the Uniform Arbitration Act. Accordingly, that statute governs and not the statutes and constitutional provisions delineating the general subject matter jurisdiction of the circuit court, as appellees argue.

██ KRS 417.150 reads, in part, "Upon application of a party, the court shall confirm an award...." The section of the Uniform Arbitration Act defining "court" and conferring jurisdiction (KRS 417.200) says:

> The term "court" means any court of competent jurisdiction of this state. The making of an agreement described in KRS 417.050 providing for *arbitration in this state* confers jurisdiction on the court to enforce the agreement under this chapter and to enter judgment on an award thereunder.

(Emphasis added.)

The plain meaning of that statute is that the agreement, wherever made, must provide for the *arbitration itself* to be in the Commonwealth in order to confer subject matter jurisdiction on a Kentucky court; at that point, one looks to Kentucky Constitution § 112(5) and KRS 23A.010 to determine that the circuit court is the "court of competent jurisdiction of this state."

We are supported in our view by KRS 417.240 which requires interpretation of the Uniform Arbitration Act "to effectuate its general purpose to make uniform the law of those states which enact it." Other states which have interpreted this type statutory provision have decided as we do now. *State ex rel. Tri–City Construction Company v. Marsh*, 668 S.W.2d 148 (Mo. App.1984); *L.R. Foy Construction Company, Inc., v. Dean L. Dauley and Waldorf Associates*, 547 F.Supp. 166 (D.Kan. 1982) (federal diversity action interpreting Kansas law); *Stephanie's v. Ultracashmere House, Ltd.*, 98 Ill.App.3d 654, 54 Ill.Dec. 229, 424 N.E.2d 979 (1981); *Kearsarge Metallurgical Corporation v. Peerless Insurance Company*, 383 Mass. 162, 418 N.E.2d 580 (1981).

It would not promote uniformity for us to interpret KRS 417.200 in a different manner. The judgment of the Jefferson Circuit Court is reversed and this action is remanded for the entry of an order dismissing the application.

The motion of appellant to strike all or parts of the appellees' brief is DENIED.

All concur.