## CIRCUIT COURT OF FAIRFAX COUNTY

Stevenson Engineering
Associates, Inc.

v.

Richard Newlon Assocs.

July 30, 1991

Case No. (Law) 74400

By JUDGE THOMAS S. KENNEY

This cause is before the Court upon the defendant's Motion to Dismiss the plaintiff's Petition for Confirmation of an Arbitration Award. At oral argument, the defendant's counsel urged this Court to find that proper jurisdiction of this cause lies in Washington, D.C. I agree.

The litigants in this case were parties to a contract which provided for binding arbitration "before a single disinterested member of the Bar of the District of Columbia." Arbitration was in fact entered into in Washington, D.C., with an award of $9,920 being made to the plaintiff, Stevenson Engineering. An *ex parte* motion to confirm the award under Virginia Arbitration Act, Virginia Code Section 8.01-581.01 *et seq.*, was filed with this Court and dismissed by the Court's Order of April 15, 1991. On May 6, 1991, that order was vacated in order to give the plaintiff an opportunity to bring the defendant before the court. Upon being served, the defendant moved to dismiss for lack of jurisdiction.

The specific dilemma this Court must confront is whether the Virginia Arbitration Act can be construed to encompass the confirmation of arbitration awards entered

into outside of this state. I do not believe that it can. Several courts, whose states have adopted the Uniform Arbitration Act, have considered precisely this issue, including the Kentucky Court of Appeals in *Tru Green Corp. v. Sampson*, 802 S.W.2d 951 (Ky. App. 1991). There, the prevailing litigant in an Ohio arbitration hearing sought confirmation of the award in Kentucky. In rejecting the confirmation, the Court concedes that KRS 417.200 says "[t]he term 'court' means any court of competent jurisdiction of this state,"[2] but concludes that a predicate to subject matter jurisdiction is that the hearing actually occur in the state in which arbitration occurs. *Tru Green* at 953.

I am satisfied that this approach best effectuates the purposes of our statute. Clearly, in adopting a uniform act the General Assembly has chosen to join other adopting jurisdictions in the promotion of consistency in the application of certain laws. Allowing Stevenson Engineering to confirm the award here produces the opposite result. The potential for chaos is especially great if one considers a situation wherein a Virginia resident successfully prevails against Maryland, Virginia and Washington, D.C., defendants after a hearing in Washington, D.C. If, as plaintiff's counsel argued, it is the defendant's residence which allows a particular court to take action, there could be three simultaneous and inconsistent proceedings. I cannot construe the statute to permit such a result.

The motion to dismiss is granted with each party to bear its own costs.

---

[2] The language mirrors Va. Code Section 8.01-581.014 which also purports to establish the courts' jurisdiction under the Arbitration Act.