Bryan GORDON, Appellant,

v.

NKC HOSPITALS, INC., Appellee.

NKC HOSPITALS, INC., Cross–Appellant,

v.

Bryan GORDON, Cross–Appellee.

Nos. 93–SC–414–DG, 93–SC–1020–DG.

Supreme Court of Kentucky.

Nov. 23, 1994.

Joseph L. White, Louisville, Anne McAfee, Shepherdsville, for appellant/cross-appellee.

Wesley P. Adams, Jr., Russell H. Saunders, A. Andrew Draut, Edward J. Smith, Weber & Rose, P.S.C., Louisville, for appellee/cross-appellant.

LAMBERT, Justice.

The decisive issue here is whether a potential, but unasserted, defense under the exclusiveness of liability provision of the Workers' Compensation Act, KRS 342.690, deprives a circuit court of subject matter jurisdiction of a claim otherwise properly before it, thus rendering its final judgment subject to vacation upon motion pursuant to CR 60.02. Despite appellee's failure to raise any Workers' Compensation defense until after a notice of appeal had been filed from an adverse final judgment, the Court of Appeals held that raising the issue pursuant to CR 60.02 was a sufficient challenge to the circuit court's subject matter jurisdiction requiring remand for a determination of the facts. This Court granted discretionary review to decide whether the possibility of a defense under the Workers' Compensation Act deprives the circuit court of subject matter jurisdiction so that even an untimely allegation requires evidence and a factual determination.

Appellant was employed by Norris, a painting contractor. Norris entered into a contract with appellee, NKC, for painting upon its premises. On January 15, 1988, while so employed, appellant was grievously injured in a fire. Appellant received Workers' Compensation benefits from his employer, Norris, and brought a civil action for damages against appellee in the Jefferson Circuit Court.

Appellant's complaint alleged negligence with respect to appellee's use of its business premises. In its answer, appellee admitted that appellant had been injured, denied its own negligence, and alleged that appellant or his fellow servants caused or contributed to the injury-producing accident. Neither the complaint nor the answer could be construed

as providing even a clue that the Workers' Compensation Act had anything to do with the case. Certainly there was no objection to jurisdiction. Appellee concedes that at no time prior to its notice of appeal from the adverse final judgment did it raise any such question. Not until after filing its notice of appeal did appellee seek relief by means of a CR 60.02 motion which, on June 8, 1992, was denied as untimely. Appellee then appealed from that final order.

The Court of Appeals held the appeal from the underlying final judgment in abeyance, and upon the appeal from denial of CR 60.02 relief, vacated and remanded. It expressed the view that the Workers' Compensation Act deprived the circuit court of subject matter jurisdiction. Relying on KRS 342.690(1), KRS 342.610(2), and CR 12.08(3), the Court of Appeals held that

> ... if NKC was appellee's statutory employer, it is immune from tort liability to appellee and any tort judgment against it arising out of the events related to appellee's injury would be void.

The court quoted with approval from 6 Bertelsman and Philipps, *Kentucky Practice,* CR 12.08, cmt. 4 (4th ed. 1984).

■■■ This Court's decision in *Duncan v. O'Nan,* Ky., 451 S.W.2d 626 (1970), and cases cited therein, provides a proper analysis of subject matter jurisdiction under Kentucky law. Among the stated principles are that subject matter jurisdiction cannot be created by waiver or conferred by agreement; and that in general, "subject matter" does not mean "this case," but "this kind of case." *Duncan v. O'Nan* makes it clear that a court is deprived of subject matter jurisdiction only in cases "where the court has not been given any power to do anything at all." *Id.* at 631. To determine subject matter jurisdiction, the pleadings should be taken at face value and so long as the "kind of case" identified in the pleadings is within the court's jurisdiction, one claiming a legal bar must plead it affirmatively. *See Wood v. Wingfield,* Ky., 816 S.W.2d 899 (1991). With the foregoing in mind, we will examine the constitutional and statutory grants of circuit court jurisdiction and the relevant parts of the Workers' Compensation Act to determine whether the de-

fense now claimed to have deprived the circuit court of jurisdiction should be so regarded.

■■■ The circuit court exists by virtue of Section 109 of the Constitution of Kentucky and in it is vested general jurisdiction. By Section 112(5) of the Constitution, the circuit court is granted "original jurisdiction of all justiciable causes not vested in some other court." *See also* KRS 23A.010 and *Commonwealth v. Prall,* 141 Ky. 560, 133 S.W. 217 (1911). The claim asserted here appears on its face to involve nothing more than an action for premises liability. Appellee contends, however, that the jurisdiction otherwise possessed by the circuit court was defeated or rendered contingent by the possibility of a defense under the Workers' Compensation Act. Its contentions in this regard are substantially as follows: KRS 342.690(1) provides that the liability of an employer under the Act is exclusive and in place of all other liability and includes a contractor covered by KRS 342.610(2). From these provisions, appellee reasons that if it could establish that it was an up-the-ladder contractor and that painting was a "regular and recurrent part of the work" of its trade or business, by virtue of KRS 342.690, the circuit court would be without jurisdiction to adjudicate the claim against it. In our view, this construction of the statute is erroneous for it confuses a defensive plea with want of jurisdiction.

■■■ The statutory provisions upon which appellee relies are not self-executing. To have protection of the Act, KRS 342.690 requires an employer to secure payment of compensation as a condition of benefiting from the exclusive liability provision. As the employer has this duty and the statute contemplates the possibility that it may not be fulfilled in which case there is a right to sue (KRS 342.690(2) ), necessarily the employer must inform the court of its status as such and prove its compliance with the statute. While this may be our most direct confrontation with the issue presented here, it is not our first. In *Allied Machinery v. Wilson,* Ky.App., 673 S.W.2d 728 (1984), the Court of Appeals held that a defense arising under the Workers' Compensation Act was a matter

constituting an avoidance within the ambit of CR 8.03 which should be pled as an affirmative defense. Likewise, in *Goldsmith v. Allied Building Components,* Ky., 833 S.W.2d 378 (1992), and with respect to the statute at issue here, KRS 342.610, we said

> To have benefit of the immunity provision of the Act, Components must also demonstrate to the satisfaction of the trier of fact that providing rough carpentry labor was a regular or recurrent part of its business.

From the language of the statutes, the nature of the rights created, the manner in which such rights must be asserted, and the broad constitutional grant of authority to circuit courts, we have no doubt that the matters claimed to protect appellee are affirmative defenses which were required to have been pleaded and proven, the failure of which amounts to a waiver. CR 8.03 and CR 12.02.

By means of cross-appeal, NKC asserts that it was entitled to a directed verdict as there was insufficient credible evidence at trial to support the jury's decision. When reviewing the sufficiency of the evidence, we have often stated that "[a]ll evidence which favors the prevailing party must be taken as true and the reviewing court is not at liberty to determine credibility or the weight which should be given to the evidence, these being functions reserved to the trier of fact." *See, e.g., Lewis v. Bledsoe Surface Mining Co.,* Ky., 798 S.W.2d 459, 461 (1990) (citations omitted).

A review of the record shows an abundance of evidence on which the jury reasonably could have found NKC negligent. We have reviewed this evidence in the light most favorable to the prevailing party and discern no error.

For the foregoing reasons, we reverse the Court of Appeals and reinstate the final judgment of the Jefferson Circuit Court.

All concur.