Docket No. 83604–Agenda 12–January 1998.

CHICAGO SOUTHSHORE AND SOUTH BEND RAILROAD, Appellee, v. THE NORTHERN INDIANA COMMUTER TRANSPORTATION DISTRICT, Appellant.

JUSTICE NICKELS delivered the opinion of the court:

This appeal arises from a contractual dispute between the Northern Indiana Commuter Transportation District (NICTD), an Indiana municipal corporation, and the Chicago Southshore and South Bend Railroad (Southshore), an Indiana partnership. The dispute resulted in arbitration proceedings which occurred in Chicago. At issue is whether the arbitration award may be confirmed in an Illinois court or whether any judicial proceedings pertaining to the award must take place in Indiana. For the reasons set forth below, we conclude that the Illinois circuit court lacked subject matter jurisdiction over this cause, and Indiana is the proper forum for legal proceedings connected with the arbitration award.

BACKGROUND

NICTD operates passenger rail service between South Bend, Indiana, and Chicago, and Southshore operates freight service on the same tracks. Under a written agreement, Southshore is obligated to pay to NICTD a “maintenance of way” (MOW) fee to help defray the expense of maintaining the tracks. In 1992 a dispute arose as to the calculation of the MOW fee. NICTD sought to invoke a provision requiring the MOW fee to be adjusted for inflation in 1992 and every third year thereafter. Southshore took the position that the agreement required adjustment of the MOW fee only in the event of a sale of control by Southshore.

Pursuant to their written agreement, NICTD and Southshore were required to submit the dispute to arbitration. Section 16.7 of the agreement provides in part as follows:

“Section 16.7 
Arbitration
. The parties agree to negotiate in good faith to resolve any controversies which may arise hereunder. However, if any dispute remains unresolved 30 days after notice of the existence of a dispute as delivered by one party to the other, either party may, thereafter, submit the matter to arbitration in accordance with the provisions of this paragraph. In the event a dispute is submitted to arbitration under the terms of this Agreement, [Southshore] and NICTD each shall appoint one arbitrator and those two arbitrators shall select a third arbitrator. The decision of a majority of the three arbitrators shall be final and conclusive between the parties, except that if either party claims that the arbitrators' decision is based upon an error of law it may, within 30 days after receipt of such decision, institute an action at law within the State of Indiana to determine such legal issue. In any such action at law, the parties shall stipulate the facts to be as set forth by the arbitrators.

* * *

All arbitration proceedings shall take place within the State of Indiana and shall be governed by the rules of the American Arbitration Association.”

The agreement further provided that it was to be interpreted pursuant to the laws of the State of Indiana.

Although the parties' written contract provided that all arbitration proceedings take place in Indiana, the parties agreed that as a matter of convenience arbitration of the MOW fee dispute could proceed in Chicago. By a two to one vote, the arbitration panel resolved the dispute in Southshore's favor, concluding that the parties' agreement provided for adjustment of the MOW fee only in the event of a sale of control.

It is at this point that the jurisdictional dispute at issue in the present appeal began to develop. NICTD filed a declaratory judgment action in the superior court in LaPorte County, Indiana, claiming that the arbitration award was based on an error of law. Shortly thereafter, Southshore filed a motion in the circuit court of Cook County to confirm the arbitration award pursuant to section 11 of the Uniform Arbitration Act (710 ILCS 5/11 (West 1992)).
(footnote: 1) Each party moved to dismiss the other party's action. The Indiana trial court ruled that jurisdiction to review an arbitration award was proper only in the state where the arbitration took place. Accordingly, the Indiana trial court dismissed NICTD's declaratory judgment action because arbitration took place in Illinois. Emphasizing the Indiana trial court's ruling, the Illinois trial court determined that it had subject matter jurisdiction to confirm the arbitration award. Accordingly the Illinois trial court denied NICTD's motion to dismiss the confirmation proceedings. NICTD moved to vacate or modify the arbitration award, but the Illinois trial court struck the motion as untimely because it was not filed within 90 days after the delivery of the arbitration award as required by sections 12 and 13 of the Uniform Arbitration Act (710 ILCS 5/12(b), 13(a) (West 1992)). Thereafter, on December 20, 1995, the Illinois trial court entered judgment confirming the arbitration award.

NICTD appealed from both the dismissal of its Indiana declaratory judgment action and the Illinois order confirming the arbitration award. On February 20, 1996, the Indiana Court of Appeals reversed the decision of the Indiana trial court. 
Northern Indiana Commuter Transportation District v. Chicago Southshore & South Bend R.R.
, 661 N.E.2d 842 (Ind. App. 1996). The court of appeals held that jurisdiction was proper in the Indiana trial court, and that the arbitrators' interpretation of the contract was contrary to law. The Indiana Supreme Court accepted the case for review. Thereafter, the Illinois Appellate Court affirmed the Illinois trial court's judgment confirming the arbitration award. 289 Ill. App. 3d 533. The case is presently before this court on a certificate of importance issued by the appellate court under Supreme Court Rule 316 (155 Ill. 2d R. 316).

While the present case was pending before this court, the Indiana Supreme Court issued its decision in the declaratory judgment proceedings in Indiana. 
Northern Indiana Commuter Transportation District v. Chicago Southshore & South Bend R.R.
, 685 N.E.2d 680 (Ind. 1997). The Indiana Supreme Court affirmed the Indiana appellate court's reversal of the dismissal of the declaratory judgment action, but ordered the proceedings stayed pending resolution of the present appeal to this court regarding the Illinois confirmation proceedings.

ANALYSIS

NICTD advances several arguments why any judicial proceedings arising from the arbitration proceedings must occur in Indiana. NICTD first argues that the Illinois trial court lacked subject matter jurisdiction to confirm the arbitration award. NICTD further argues that it is an agency of the State of Indiana, and under principles of comity and sovereign immunity it may not be sued in a court outside the State of Indiana. NICTD also contends that it was contractually entitled to judicial review of legal issues in an Indiana court. Alternatively, NICTD contends even if jurisdiction were proper in Illinois, the Illinois trial court erred in refusing to consider the merits of NICTD's motion to modify or vacate the arbitration award based on errors of law. We conclude that the Illinois trial court lacked subject matter jurisdiction in this case.

Illinois is one of 35 states that have adopted the Uniform Arbitration Act. Section 1 of the Uniform Arbitration Act provides that a 
written
 agreement to submit any existing or future controversy to arbitration is valid and enforceable. 710 ILCS 5/1 (West 1996). Under section 16 of the Uniform Arbitration Act, “[t]he making of an agreement described in Section 1 providing for arbitration in this State confers jurisdiction on the [circuit] court to enforce the agreement under this Act and to enter judgment on an award thereunder.” 710 ILCS 5/16 (West 1996). Accordingly, under the plain language of the statute, the parties' written agreement must provide for arbitration in Illinois in order for Illinois courts to exercise jurisdiction to confirm an arbitration award.

Here, the parties' written agreement provides for arbitration in Indiana, not Illinois. Notwithstanding the language of the Uniform Arbitration Act, Southshore argues that courts have routinely reviewed arbitration awards where the arbitration agreement did not specify the place of arbitration. In support of this contention, Southshore cites 
Stephanie's v. Ultracashmere House, Ltd.
, 98 Ill. App. 3d 654 (1981), 
United Artists Corp. v. Gottesman
, 135 Misc. 92, 236 N.Y.S. 623 (1929), 
Stancioff v. Hertz
, 10 Mass. App. Ct. 843, 406 N.E.2d 1318 (1980), and 
Tru Green Corp. v. Sampson
, 802 S.W.2d 951 (Ky. App. 1991). Southshore's reliance on these cases is clearly misplaced, and perhaps somewhat disingenuous. In both 
Stephanie's
 and 
Tru Green
, the arbitration agreements did in fact specify the location of arbitration and arbitration took place at the designated location. In 
Stancioff
, the court held that Massachusetts acquired jurisdiction to enter judgment on an arbitration award where the parties could not agree on the locale for arbitration and the American Arbitration Association chose Massachusetts as the site of the arbitration pursuant to an association rule. See also 
L.R. Foy Construction Co. v. Dauley
, 647 F. Supp. 166 (D. Kan. 1982) (agreement to be bound by American Arbitration Association rules, which could result in Kansas being selected as location for arbitration, fulfilled Kansas statutory requirement that the agreement provide for arbitration in that state). Finally, the decision in 
United Artists Corp.
 was based on principles of 
in personam
 jurisdiction which have no application to the present case.

Two other cases cited by Southshore–
Kress Corp. v. Edw. C. Levy Co.
, 102 Ill. App. 3d 264 (1981), and 
State ex rel. Tri-City Construction Co. v. Marsh
, 668 S.W.2d 148 (Mo. App. 1984)–also fail to support its position. 
Kress
 involved the narrow question of whether state or federal arbitration law applied to the parties' dispute; the court's jurisdiction was not at issue. 
Kress
, 102 Ill. App. 3d at 267. In 
Tri-City Construction
, it was held that under the Uniform Arbitration Act, Missouri courts have jurisdiction to confirm an arbitration award “whenever the agreement either provides for arbitration to take place within [Missouri] 
or, absent specific agreement
, when arbitration is undertaken with the consent of the parties within [Missouri].” (Emphasis added.) 
Tri-

City Construction
, 668 S.W.2d at 151. As the Indiana Supreme Court observed, 
Tri-City Construction
 “deal[t] with construction of the [Uniform Arbitration] Act to fill a necessary void–failure to specify any jurisdiction at all.” 
Northern Indiana Commuter Transportation District v. Chicago Southshore & South Bend R.R.
, 685 N.E.2d 680, 695 n.18 (Ind. 1997).

In determining that the Illinois trial court could exercise jurisdiction, our appellate court concluded that the parties waived the contractual provision requiring judicial proceedings in Indiana. The appellate court observed that a contractual right with respect to arbitration can be waived, and that waiver of a contractual provision may occur when a party conducts itself in a manner that is inconsistent with the provision, indicating an abandonment of a contractual right. 289 Ill. App. 3d at 540. Subsequent to the appellate court's decision, however, the Indiana Supreme Court reached precisely the opposite conclusion:

“Although NICTD waived the requirement that 'all' arbitration proceedings occur in Indiana, the written agreement, indicating governing Indiana law 
and a right to sue in Indiana
, remained intact. This is not sufficient, as a matter of Indiana law, to constitute a waiver of the explicit contractual right to seek judicial review in a court in Indiana. Nor is this an explicit revision of the Agreement.

It is of course true that conduct inconsistent with an arbitration agreement–notably filing a lawsuit in a court of competent jurisdiction–can effect a waiver of the right to arbitrate. [Citations.] In that circumstance, however, the party filing suit has acted inconsistently with the arbitration agreement and has in effect abandoned it. There is nothing inherently inconsistent in agreeing to conduct arbitration in Chicago for convenience, but treating all other provisions of the Agreement as unaffected. Indeed, because Indiana law is specified as controlling, that is at least facially a wholly sensible approach. Accordingly, we conclude that the Indiana trial court had jurisdiction over the subject matter, even if it may be bound by full faith and credit to enter a judgment of dismissal upon final resolution of this matter in Illinois.” (Emphasis added.) 
Northern Indiana Commuter Transportation District
, 685 N.E.2d at 695-96.

We agree with the Indiana Supreme Court's analysis in view of all of the circumstances of this factually unusual case. There is no dispute that the parties' written agreement to conduct arbitration proceedings in Indiana had the legal effect of conferring jurisdiction upon the courts of Indiana. Although NICTD consented to arbitration in Illinois, the written arbitration agreement was never formally modified in this regard, and NICTD could reasonably assume that its acquiescence to arbitration in Illinois would not have the effect of transferring jurisdiction to Illinois in contravention of the original arbitration agreement. Moreover, NICTD's conduct has been entirely consistent with the understanding that jurisdiction would remain in Indiana. NICTD initiated legal proceedings in Indiana pursuant to the written arbitration agreement, and has steadfastly opposed the exercise of subject matter jurisdiction by the Illinois trial court. Under these circumstances, the parties' deviation from the contractual provision regarding the place of arbitration did not give rise to subject matter jurisdiction in Illinois.

CONCLUSION

The judgment of the appellate court is reversed, and the judgment of the circuit court of Cook County confirming the arbitration award is vacated.

Appellate court judgment reversed;

circuit court judgment vacated
.

FOOTNOTES
1:     
To avoid confusion, we will refer to the LaPorte County, Indiana, superior court and the circuit court of Cook County as the Indiana and Illinois trial courts, respectively.