**Mitchell ARTRIP, Appellant,**

v.

**SAMONS CONSTRUCTION, INC., Appellee.**

**No. 2000–CA–001615–MR.**

Court of Appeals of Kentucky.

Aug. 17, 2001.

Gordon J. Dill, Ashland, KY, Brief for Appellant.

John M. Winans, Ashland, KY, Brief for Appellee.

Before GUDGEL, Chief Judge; COMBS and JOHNSON, Judges.

*OPINION VACATING AND REMANDING*

COMBS, Judge:

Mitchell Artrip appeals a judgment affirming an arbitrator's award in favor of the appellee, Samons Construction, Inc. The sole issue for this court's consideration is whether the Boyd Circuit Court had subject matter jurisdiction to enforce

the arbitrator's award rendered in Ohio pursuant to a contract that did not provide for arbitration to take place in Kentucky. After our careful review of Kentucky law and that of other jurisdictions construing the Uniform Arbitration Act, we conclude that the lower court did not have jurisdiction to enforce the award. Therefore, we vacate.

The underlying facts are not in dispute. The parties executed a contract on September 29, 1997, for the construction of an addition to Artrip's business, Artrip Health Care. Their agreement provided for arbitration of disputes to be governed by the rules of American Arbitration Association without designating a location for the arbitration. A dispute arose, and Artrip filed a complaint in the Boyd Circuit Court alleging that Samons Construction failed to perform all the work required by the contract, that the work performed was done in a defective and unworkmanlike manner, and that the contract was not completed within the period required.

An agreed order placed the action in abeyance pending arbitration of the parties' dispute. Upon conclusion of the arbitration, it required the parties to report to the court as to whether further proceedings were needed or whether all issues had been resolved and the matter could be dismissed. Arbitration proceeded in Cincinnati, Ohio, in March 1999 before Arbitrator Herbert Cox. Samons Construction was awarded $12,137 for amounts due under the contract; Artrip was denied any recovery on his claims.

In July 1999, Samons Construction filed a motion in the Boyd Circuit Court seeking a judgment conforming to the arbitrator's award. Artrip objected and moved to vacate the award on the basis that it was "grossly deviant from applicable law." The Boyd Circuit Court agreed that the arbitrator had misapplied the law; it va-

cated that portion of the award denying Artrip's claim for damages attributable to the delay in completing the project and ordered that it be arbitrated by a local attorney. Although the new arbitrator found that there was a 115 day delay in completing the contract, he determined that the delay was caused by either Artrip or the architect. Artrip was again unsuccessful on his claim for damages.

On January 25, 2000, Samons Construction filed a renewed motion for confirmation of the arbitrator's award and entry of a judgment in its favor. Relying on *Tru Green Corporation v. Sampson,* Ky.App., 802 S.W.2d 951 (1991), Artrip argued that the court lacked jurisdiction to enforce the arbitrator's award since it was rendered outside the Commonwealth. In its order confirming the award, the Boyd Circuit Court noted that the facts in *Tru Green* were "significantly distinguishable" from the instant case and concluded as follows:

This Court had jurisdiction over the parties and the subject matter prior to [Samons Construction's] demand for arbitration, and, pursuant to its jurisdictional powers ordered binding arbitration in accordance with the terms and conditions of the parties' contract. The contract did not specify a particular locale for the arbitration but allowed the parties to mutually agree on a location, and the parties chose the American Arbitration Association office in Cincinnati, Ohio, so as to avoid the additional cost of paying for the Arbitrator, a resident of Cincinnati, Ohio, to travel to Boyd County, Kentucky. This is supported by the fact that the parties and their counsel are the only ones who traveled to Cincinnati. All the other witnesses testified by evidentiary depositions which took place in Ashland, Boyd County, Kentucky with the transcripts of these depositions being submitted to the Arbitrator

for review. Unless the parties' contract had provided a specific locale to hold the arbitration, it would not make sense nor would it be judicially prudent in this case to find that the state line between Kentucky and Ohio served as a jurisdictional boundary such that when the parties, as a matter of convenience only, crossed the Ohio River into Cincinnati for the arbitration, this court's jurisdiction over the subject matter and its ability to enforce the arbitrator's award was forever severed.

The trial court also cited *Big Sandy Realty Co. v. Stansifer Motor Co.*, Ky., 253 S.W.2d 601 (1952), for the proposition that the court's jurisdiction, once acquired, will not be adversely affected by subsequent events.

■ Relying on *Gordon v. NKC Hospitals, Inc.*, Ky., 887 S.W.2d 360 (1994), Samons argues that Artrip waived the defense of lack of subject matter jurisdiction by failing to raise it in response to Samons's first motion to confirm the arbitrator's award. We disagree. The circumstances in this case are wholly dissimilar from those in *Gordon*, a premises liability case in which defendant/hospital failed to alert the trial court of its "up-the-ladder" defense. The problem in *Gordon* was the failure to raise an affirmative defense, an omission which by its very nature implicated the issue of subject matter jurisdiction.

As explained by the Supreme Court in *Shamrock Coal Company, Inc. v. Maricle*, Ky., 5 S.W.3d 130, 133 (1999), the trial court in *Gordon* was unaware that workers' compensation was involved and could not have discerned from either the complaint or the other pleadings that the subject matter fell beyond the scope of its jurisdiction. *Shamrock* reaffirmed the axiomatic principle that "subject matter jurisdiction cannot be created by waiver or conferred by agreement." *Id.* It concerns

the court's authority to hear a particular kind of case inherent in the very essence of its jurisdiction (*e.g.*, a court upon which civil jurisdiction alone is conferred lacks authority to enter a criminal conviction). *Duncan v. O'Nan*, Ky., 451 S.W.2d 626, 631 (1970).

This essential rule of jurisdiction applies in the case before us because Kentucky courts are only empowered to confirm arbitration awards when the parties' agreement provides "for the *arbitration itself* to be in the Commonwealth." *Tru Green*, at 953. Unlike the situation in *Gordon*, there was no failure on the part of Artrip to alert the trial court to those facts necessary for it to assess whether or not this particular case fell within the genre of arbitration matters which it was empowered to hear under the provisions of the Uniform Arbitration Act.

■ In this appeal, Artrip continues to argue that the issue of subject matter jurisdiction is governed by *Tru Green, supra*, and that the factual distinctions drawn by the circuit court are not germane. We agree. In *Tru Green*, the parties agreed to arbitrate any disputes arising under their agreement in Cincinnati, Ohio. A dispute arose and was submitted to arbitration in Ohio. The prevailing party then sought to enforce the award in the Jefferson Circuit Court. This court held that the court's jurisdiction to enforce an arbitration award is governed by the Uniform Arbitration Act and

not the statutes and constitutional provisions delineating the general subject matter jurisdiction of the circuit court.

*Id.*, 802 S.W.2d at 953. In construing Kentucky Revised Statutes (KRS) 417.050 and 417.200, the pertinent portions of the Kentucky Uniform Arbitration Act, *Tru Green* further held:

The plain meaning of that statute is that the agreement, wherever made, must provide for the **arbitration itself** to be in the Commonwealth in order to confer subject matter jurisdiction on a Kentucky court; at that point, one looks to Kentucky Constitution § 112(5) and KRS 23A.010 to determine that the circuit court is the "court of competent jurisdiction of this state."

*Id.* (Emphasis in original.) The Court also cited cases from several jurisdictions that interpreted the Uniform Arbitration Act in the same manner.

The Boyd Circuit Court emphasized the fact that in *Tru Green* the entire dispute resolution process had been completed **before** the parties attempted to invoke the jurisdiction of the Kentucky court. However, in the case before us, a common law action was filed in Boyd Circuit Court in the first instance prior to any arbitration. The court then suspended the action and ordered the parties to arbitrate their dispute. The court believed that it thereby retained jurisdiction to enforce the ultimate award.

■ While we agree that the circuit court had original jurisdiction over the complaint as filed, the intervening arbitration essentially severed that jurisdiction because the parties to the arbitration agreement committed the grievous omission of failing to designate a situs in Kentucky for the arbitration to take place, a step critical to conferring subject matter jurisdiction over the arbitration upon a Kentucky court. This is the lesson of *Tru Green, supra:* that the source of the court's jurisdiction to act in arbitration matters is wholly derived from the Uniform Arbitration Act. The failure of the parties to comply with the critical provision of naming a site in Kentucky in their original agreement (even if they later agreed to a site in Ohio) was fatal to their ability to invoke the jurisdiction of a Kentucky court to enforce a subsequent arbitration award.

Samons Construction argues that *Tru Green* is not applicable to the facts in the instant case. Instead, it relies on cases from other jurisdictions which it alleges have "fact patterns that are far more similar to this case than what was found in *Tru Green.*" Our review of those cases does not confirm that contention. The first two cases the appellee cites, *Chicago Southshore and South Bend Railroad v. Northern Indiana Commuter Transportation District,* 184 Ill.2d 151, 234 Ill.Dec. 395, 703 N.E.2d 7 (1998), and *Northern Indiana Commuter Transportation District v. Chicago SouthShore and South Bend Railroad,* 685 N.E.2d 680 (Ind.1997), involve litigation between parties who specifically contracted to arbitrate their disputes within the State of Indiana, but who, for the sake of convenience, agreed to proceed to arbitration in Chicago, Illinois. However, these cases differ from the case before us because the parties before this court did not designate any location— much less Kentucky—for their arbitration.

The holdings emanating from both the Indiana and Illinois courts are consistent with *Tru Green.* The Illinois Supreme Court, construing Section 16 of its version of the Uniform Arbitration Act, its counterpart to KRS 417.200 discussed in *Tru Green,* held that:

under the plain language of the statute, the parties' written agreement must provide for arbitration in Illinois in order for Illinois courts to exercise jurisdiction to confirm an arbitration award.

*Chicago Southshore,* 234 Ill.Dec. 395, 703 N.E.2d at 9. Even though the parties conducted arbitration in Illinois as a matter of mutual convenience, the court nonetheless concluded that the Illinois circuit court lacked subject matter jurisdiction to con-

firm the award and that any further proceedings concerning the arbitration had to occur in Indiana. *Id.* at 10–11. The Indiana Supreme Court, considering the same parties and the same facts, concluded that it might be possible under the uniform act for jurisdiction to exist in more than one state; that is, (1) the state where the parties' written agreement provided for the arbitration to occur and/or (2) the state where the arbitration actually occurred. *Northern Indiana,* 685 N.E.2d at 695. However, neither of these cases suggests that subject matter jurisdiction can exist in a state that was neither designated in the parties' written agreement as the site of the arbitration nor served as the actual location of the arbitration.

Samons Construction relies on *L.R. Foy Construction Co., Inc. v. Dean L. Dauley and Waldorf Associates,* 547 F.Supp. 166 (D.Kan.1982), a case cited with approval in *Tru Green, supra;* it also cites as authority *Larry DeWitt v. Sahib Al–Haddad,* an unpublished case rendered in 1990 by the Western Section of the Tennessee Court of Appeals.[1] These cases hold that where the arbitration agreement does not specifically provide for the location of the arbitration, a state's prerequisites for subject matter jurisdiction under the Uniform Arbitration Act are satisfied if arbitration *could have taken place* in that state. In each of these cases, the holding was that the state court had jurisdiction to enforce the arbitrator's award since the arbitration had actually taken place in those states. We have been unable to discover (either from the briefs or from our own independent research) the existence of a case holding that a court has subject matter jurisdiction to act on an award under the precise circumstances presented in this appeal.

Finally, Samons Construction relies on the venue provision of the Uniform Arbitration Act, KRS 417.210, as supporting its contention that the Boyd Circuit Court had authority to entertain its motion to enforce the award. This statute is premised upon the fact that a Kentucky court would have jurisdiction in the first instance. That threshold requirement has not been met and thus cannot serve as a valid predicate for resort to the venue statute.

In *Tri–City Construction Company, Inc. v. Marsh,* 668 S.W.2d 148, 152 (Mo. App.W.D.1984), the court observed that every state that has considered the issue before us "has focused on the place of arbitration and not the locus of the contract." This observation continues to hold true: "Any other conclusion would lead to anomalous results." *Id.* Although common sense would seem to dictate that crossing the boundary from Kentucky into Ohio should not vitiate Kentucky jurisdiction, we believe that *Tru Green* requires a recitation in the original agreement preceding any geographic movement occurring after the fact, a recitation that is a condition precedent to the existence of jurisdiction.

The judgment of the Boyd Circuit Court is vacated, and this matter is remanded with directions that the enforcement action be dismissed.

ALL CONCUR.

---

1. We note that according to the Kentucky Rules of Civil Procedure (CR) 76.28(4)(c), unpublished cases are not to be cited as precedent in Kentucky.