2003 ND 33

**SUPERPUMPER, INC., Plaintiff and Appellee,**

v.

**NERLAND OIL, INC., Defendant and Appellant,**

**West Fargo Truck Stop, Inc., Appellant.**

**No. 20020214.**

Supreme Court of North Dakota.

March 5, 2003.

Brent M. Olson (argued) and Herbert L. Meschke (on brief), Pringle & Herigstad, P.C., Minot, ND, for plaintiff and appellee.

Jay D. Carlson, Fargo, ND, for appellants.

SANDSTROM, Justice.

[¶ 1]   Nerland Oil, Inc., and its affiliate, West Fargo Truck Stop, Inc., appeal a district court judgment confirming their arbitration award, arguing the district court erred by allowing an irrational and arbitrary award.  We affirm.

I

[¶ 2]   In 1995, Superpumper, Inc., which owns and operates convenience stores in various locations, purchased the Dakota Fuel Stop in Jamestown, North Dakota, from Nerland Oil for $1,829,332. Superpumper's "offer to purchase" included "real property, buildings, equipment and products supply" and was "subject to a supply and freight agreement to be executed by [Superpumper] in a form acceptable to [Nerland Oil]." Superpumper and Nerland Oil allocated $1,000,000 of the purchase price to real property, $250,000 to equipment, and $579,332 to a "freight agreement" and an "exclusive requirements supply and freight agreement" between Superpumper and a Nerland Oil affiliate, West Fargo Truck Stop. Under the "exclusive requirements supply and freight agreement," Superpumper agreed

to use West Fargo Truck Stop as the exclusive supplier and hauler of petroleum products to the Dakota Fuel Stop. Under the "freight agreement," Superpumper agreed to have West Fargo Truck Stop haul petroleum products to a Superpumper station in Belfield, North Dakota. For purposes of the purchase agreement, the Belfield freight agreement was assigned a value of $206,904, and the Dakota Fuel Stop exclusive requirements supply and freight agreement was assigned a value of $372,428.

[¶ 3] As part of the purchase, Superpumper executed a $350,000 promissory note, secured by a second mortgage on the real property, in favor of Nerland Oil. The offer to purchase, the promissory note, and the second mortgage did not include an arbitration clause. Both the Belfield freight agreement and the Dakota Fuel Stop exclusive requirements supply and freight agreement contained similar clauses requiring binding arbitration of any disputes under those agreements.

[¶ 4] A dispute arose between Superpumper and Nerland Oil regarding the processing of credit card receivables for Dakota Fuel Stop. Superpumper sued Nerland Oil, seeking quiet title to the Dakota Fuel Stop real property, or specific performance to satisfy and release Superpumper's promissory note and second mortgage to Nerland Oil. Superpumper also sought payment for credit card receivables Nerland Oil had failed to remit to Superpumper. Nerland Oil answered, identifying itself and West Fargo Truck Stop as defendants and third-party plaintiffs. The answer alleged Superpumper's complaint failed to join all necessary parties, including West Fargo Truck Stop, and included a counterclaim alleging Superpumper breached the Belfield freight agreement and the Dakota Fuel Stop exclusive requirements supply and freight

agreement. Nerland Oil and West Fargo Truck Stop sought to compel arbitration of both supply and freight agreements and to stay Superpumper's claims pending arbitration. Nerland Oil and West Fargo Truck Stop moved for joinder of West Fargo Truck Stop as a defendant.

[¶ 5] The district court denied the motion to join West Fargo Truck Stop as a defendant and stayed Superpumper's claims pending arbitration of both supply and freight agreements. Superpumper moved for reconsideration. Nerland Oil and West Fargo Truck Stop resisted Superpumper's motion for reconsideration and sought arbitration of the entire dispute "arising out of the breach of the purchase agreement." The court denied Superpumper's motion for reconsideration and concluded the agreements between Superpumper, Nerland Oil, and West Fargo Truck Stop were "so intertwined that it only makes sense to place the entire dispute in arbitration." The court ordered arbitration of the entire dispute.

[¶ 6] In *Superpumper, Inc. v. Nerland Oil, Inc.*, 1998 ND 144, ¶ 1, 582 N.W.2d 647, we dismissed Superpumper's appeal from the order compelling arbitration. We concluded the order was not appealable under either the Uniform Arbitration Act, N.D.C.C. ch. 32–29.2, or the Federal Arbitration Act, 9 U.S.C. §§ 1–16. *Superpumper*, at ¶ 1.

[¶ 7] In August 1999, a three-member arbitration panel decided Nerland Oil owed Superpumper $348,856.26 for credit card receivables, and that debt was subject to a $10,933.92 setoff against $359,790.18 due on Superpumper's promissory note to Nerland Oil. In a two-to-one decision, the arbitration panel decided Superpumper and Nerland Oil had orally modified the Belfield freight agreement and, as modified, the agreement had been "suspended" since October 26, 1996. The majority of

the panel decided there was no breach of the Belfield freight agreement.

[¶ 8] In October 1999, Superpumper moved for confirmation of the arbitration decision. On November 7, 1999, Nerland Oil filed a voluntary petition for bankruptcy under chapter 7 of the United States Bankruptcy Code. Nerland Oil resisted confirmation of the arbitration decision because of its bankruptcy petition, and West Fargo Truck Stop moved to vacate the arbitration decision and to remand to the panel for rehearing on the Belfield freight agreement. The district court confirmed the arbitration decision as to West Fargo Truck Stop, but concluded it did not have jurisdiction over Nerland Oil because of its pending bankruptcy petition. West Fargo Truck Stop appealed.

[¶ 9] In *Superpumper, Inc. v. Nerland Oil, Inc.*, 2000 ND 220, ¶ 1, 620 N.W.2d 159, we reversed and remanded, holding the arbitration proceedings were stayed pending the bankruptcy proceeding. On October 17, 2001, the bankruptcy court modified the automatic stay so the district court could reconsider the issue of confirmation of the August 1999 arbitration award. On June 18, 2002, the district court affirmed the arbitration award against Nerland Oil and West Fargo Truck Stop. On August 14, 2002, Nerland Oil and West Fargo Truck Stop appealed, arguing the district court erred in affirming the arbitration decision, because the arbitration panel failed to decide the only issue in dispute, which was the issue of breach regarding the Belfield freight agreement.

[¶ 10] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 27–05–06 and 32–29.2–17. This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. §§ 28–27–01 and 32–29.2–17.

II

[¶ 11] West Fargo Truck Stop argues the arbitration panel's decision that the Belfield freight agreement had been suspended instead of breached was completely irrational and effectively drafted a new and arbitrary agreement between the parties.

[¶ 12] To find whether this Court can overturn an arbitration award, we must look to N.D.C.C. § 32–29.2–12(1), which states:

On application of a party, the court shall vacate an award if:

a. The award was procured by corruption, fraud, or other undue means;

b. There was evident partiality by an arbitrator appointed as a neutral, corruption in any of the arbitrators, or misconduct prejudicing the rights of any party;

c. The arbitrators exceeded their powers;

d. The arbitrators refused to postpone the hearing after sufficient cause was shown to postpone it or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to section 32–29.2–05, as to prejudice substantially the rights of a party; or

e. There was no arbitration agreement and the issue was not adversely determined in proceedings under section 32–29.2–02 and the party did not participate in the arbitration hearing without raising the objection.

The fact that the relief was such that it could not or would not be granted by a court of law or equity is not grounds for vacating or refusing to confirm the award.

[¶ 13] In *O & K Glass Co. v. Innes Construction Co., Inc.*, this Court stated:

Under N.D.C.C. § 32–29.2–12(1)(c), an arbitration award may be vacated if the "arbitrators exceeded their powers"; however, we will vacate an arbitration award under this subsection only if it is "completely irrational." *Carlson v. Farmers Ins. Group of Companies— Farmers Ins. Exchange*, 492 N.W.2d 579, 581 (N.D.1992). "[A] decision is completely irrational if it is either mistaken on its face or so mistaken as to result in real injustice or constructive fraud." *Byron's Constr. Co. v. N.D. Dep't of Transp.*, 463 N.W.2d 660, 662 (N.D.1990) (citing *Nelson Paving Co., Inc. v. Hjelle*, 207 N.W.2d 225 (N.D. 1973)). An arbitrator's mere mistake as to fact or law is not a sufficient ground for overturning an arbitration award. *Carlson*, at 582. As to the public policy underlying this strict standard of review, we have stated:

the effect of applying the clearly irrational standard of review is to give to the arbitrators every benefit of every doubt. It affords them the widest latitude to exercise their authority and arrive at their decision without the customary restraints of traditional judicial review. It is but a reflection of the strong public policy favoring the arbitration process.

*Scherbenske Excavating, Inc. v. N.D. State Highway Dep't*, 365 N.W.2d 485, 489 (N.D.1985).

*O & K Glass Co. v. Innes Constr. Co., Inc.*, 2000 ND 56, ¶ 7, 608 N.W.2d 236.

[¶ 14] Even if an arbitrator's decision is based on mistakes of law or fact, it is not a sufficient ground to overturn an award. *Id.* at ¶ 11. The lack of finality in an arbitrator's decision is no longer a statutory reason to vacate an arbitration award. In *Byron's Constr. Co. v. North Dakota State Highway Dep't*, this Court noted:

When *Scherbenske, supra,* and *Nelson, supra,* were decided, Section 32–29–08(4), N.D.C.C., provided that an arbitration award could be vacated upon the grounds "that the arbitrators exceeded their powers, or that they so imperfectly executed them, that a mutual, final, and definite award on the subject matter submitted was not made." That provision was amended in 1987 [S.L.1987, ch. 408, § 12.] to provide for the vacating of an arbitration award when "the arbitrators exceeded their powers" but deleting the remainder of the above quoted statutory language. The applicability of the irrational basis standard enunciated in *Scherbenske, supra,* and *Nelson, supra,* is unaffected by the statutory amendment, because the deleted language in the statute was not material to the litigation in those cases.

448 N.W.2d 630, 632 n. 2 (N.D.1989).

[¶ 15] West Fargo Truck Stop argues the arbitration panel exceeded its authority in granting a remedy that did not address the disputed issue of whether there was a breach of contract on the Belfield freight agreement. It claims the arbitration award required West Fargo Truck Stop to immediately perform an ongoing freight contract obligation after its trucks had been liquidated and it was no longer in a position to be able to perform under the agreement. Nerland argues that if this arbitration decision is upheld, Nerland will be expected to perform under the agreement, and because such performance will be impossible, Superpumper will hale them into court, and Nerland will be found to be in breach. Nerland argues the arbitrators should have rendered a decision on the issue of breach so the district court will not have to decide the same issue in the future.

[¶ 16] The arbitrators rendered a decision on the disputed issue presented. The

arbitration award addressed the issue of whether Superpumper breached the contract, stating "the termination of the Exclusive Requirements Supply and Freight Agreement ... by Superpumper was justified and the contract was not breached by Superpumper." The arbitrators' decision specifically addressed the issue of breach, which indicates that the arbitrators did not wholly overlook the issue. We will not overturn an arbitration award simply because the arbitrators did not state which party breached the agreement. We conclude it is not irrational for an arbitration award to render a decision that may lack finality on a disputed issue even if that issue might be brought again at a later date. *Byron's Constr. Co.*, 448 N.W.2d at 632 n. 2.

[¶ 17] On appeal we were not provided a transcript of the arbitration hearing. This Court has explained, "[w]ithout a transcript, we would not be able to conduct a meaningful review of the ... [factual] finding[s]." *Interest of C.J.C.*, 2000 ND 27, ¶ 6, 606 N.W.2d 117. *Sabot v. Fargo Women's Health Org., Inc.*, explains:

> The appellant assumes the consequences and the risk for the failure to file a complete transcript. If the record on appeal does not allow for a meaningful and intelligent review of alleged error, we will decline review of the issue.

500 N.W.2d 889, 892 (N.D.1993) (quoting *Lithun v. DuPaul*, 447 N.W.2d 297, 300 (N.D.1989) (citations omitted)).

[¶ 18] Because West Fargo Truck Stop did not provide a transcript of the arbitration hearing, we must review this issue under the limited record presented. *Id.* The record before us is sufficient to conclude the arbitration panel did not exceed its authority and the arbitration award is not clearly irrational.

## III

[¶ 19] We affirm the district court's judgment confirming the arbitration award.

[¶ 20] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.