2004 ND 61

**GRATECH COMPANY, LTD.,**
Claimant and Appellant,

and

**Flickertail Paving and Supply,
LLC, Claimant,**

v.

**NORTH DAKOTA DEPARTMENT OF
TRANSPORTATION, Respondent
and Appellee.**

No. 20030203.

Supreme Court of North Dakota.

March 23, 2004.

Ronald G. Schmidt (argued), Schmidt, Schroyer, Moreno & Lee, P.C., Rapid City, S.D., and Jack McDonald (on brief), Wheeler Wolf, Bismarck, N.D., for claimant and appellant.

Charles S. Miller, Jr., Special Assistant Attorney General, Bismarck, N.D., for respondent and appellee.

MARING, Justice.

[¶ 1] Gratech Company, Ltd. appeals from a judgment dismissing its application to vacate the decision of the arbitration panel in Gratech's arbitration action against the North Dakota Department of Transportation ("DOT"). We affirm, concluding the arbitration panel did not err in concluding that Gratech's failure to file a written notice of claim precluded arbitration of all but one of Gratech's claims against DOT.

I

[¶ 2] In the fall of 1998, DOT awarded two separate road construction contracts to Flickertail Paving and Supply, LLC ("Flickertail") to tear out, regrade, and repave portions of U.S. Highway 281. The projects were labeled the Belcourt project and the Rolla project. Flickertail subcontracted the grading portions of the projects to Gratech.

[¶ 3] Gratech encountered poor soil conditions on both projects, resulting in additional subcutting, plowing, discing, and drying of the soil. The parties dispute the extent of the poor soil conditions and its impact upon the projects.

[¶ 4] Gratech concedes it did not give a contemporaneous notice of intent to seek additional compensation under N.D.C.C. § 24–02–26.1 or under the contract provisions requiring such notice. Flickertail, however, did give a contemporaneous written notice of claim for alleged increased compensation it claimed it was owed.

[¶ 5] Upon completion of the projects, Flickertail requested additional compensation on the Rolla project and Gratech sought additional compensation on both projects from DOT. DOT denied these claims, and Flickertail and Gratech filed separate demands for arbitration. DOT counterclaimed for indemnity against Flickertail, and all claims of the parties were consolidated into a single arbitration proceeding.

[¶ 6] A hearing was conducted, and the arbitrators issued a written decision. Flickertail was awarded $411,408 on its claim for additional compensation on the Rolla project. That claim is not before this Court on appeal.

[¶ 7] On Gratech's claims, the arbitrators initially determined that Gratech's failure to file a notice of claim under N.D.C.C. § 24–02–26.1 and the provisions of the contract precluded arbitration of all but one of Gratech's claims. The arbitrators also, in the alternative, concluded that on the merits Gratech was not entitled to additional compensation on the barred claims. On the one claim properly before the arbitrators, they awarded Gratech an additional $55,651 for "muck excavation" on the Belcourt project.

[¶ 8] Gratech filed an application in district court to vacate the arbitration award. The district court affirmed the arbitration award and dismissed Gratech's application to vacate the award. Gratech appealed to this Court.

## II

[¶ 9] The dispositive issue on appeal is whether Gratech was required to file a written notice of claim as a prerequisite to arbitrating its claims against DOT.

### A

[¶ 10] Gratech initially asks this Court to adopt a heightened standard of review for questions of law in a statutorily mandated arbitration.

[¶ 11] We have generally held that arbitrators are the judges of both the law and the facts, and a court will vacate an arbitration award on its merits only if the award is completely irrational. *See, e.g., John T. Jones Constr. Co. v. City of Grand Forks*, 2003 ND 109, ¶¶ 9–10, 665 N.W.2d 698; *Superpumper, Inc. v. Nerland Oil, Inc.*, 2003 ND 33, ¶ 13, 657 N.W.2d 250; *State v. Gratech Co.*, 2003 ND 7, ¶ 12, 655 N.W.2d 417. Under the completely irrational standard, an arbitrator's mistake in determining the facts or interpreting the law is not a sufficient ground for overturning the award. *John T. Jones*, at ¶ 9; *Superpumper*, at ¶¶ 13–14.

[¶ 12] Gratech invites us to modify that standard and to apply a de novo standard allowing full review by a reviewing court of questions of law in statutorily mandated arbitrations. In support of its argument, Gratech relies upon this Court's comments in a footnote in *Allstate Ins. Co. v. Nodak Mut. Ins. Co.*, 540 N.W.2d 614 (N.D.1995). In *Allstate*, the Court noted that some courts had adopted a minority view and applied a heightened standard of review to

questions of law when the arbitration is compelled by statute. *Id.* at 620 n. 2; *see American Universal Ins. Co. v. DelGreco,* 205 Conn. 178, 530 A.2d 171, 179 (1987); *Allstate Ins. Co. v. Caltabiano,* 74 Conn. App. 49, 809 A.2d 1153, 1156 (2002); *Detroit Auto. Inter–Ins. Exch. v. Gavin,* 416 Mich. 407, 331 N.W.2d 418, 434–35 (1982); *Johnson v. American Family Mut. Ins. Co.,* 426 N.W.2d 419, 421 (Minn.1988) (automobile no-fault arbitration); *Gilder v. Auto–Owners Ins. Co.,* 659 N.W.2d 804, 807 (Minn.Ct.App.2003) (same); *Racine v. AMCO Ins. Co.,* 605 N.W.2d 773, 775 (Minn.Ct.App.2000) (same).

[¶ 13] We find it unnecessary to resolve this issue in this case because we conclude that, applying either standard, the arbitrators correctly determined that Gratech waived its right to arbitrate its claims by failing to file a notice of claim in compliance with N.D.C.C. § 24–02–26.1 and the provisions of the contract.

B

[¶ 14] All disputes arising out of any contract entered into by DOT for the construction or repair of highways must be submitted to arbitration. N.D.C.C. § 24–02–26; *Gratech Co. v. Wold Eng'g, P.C.,* 2003 ND 200, ¶ 16, 672 N.W.2d 672; *State v. Gratech Co.,* 2003 ND 7, ¶¶ 10, 19, 655 N.W.2d 417. By voluntarily entering into a highway construction contract, the parties are deemed to have agreed to arbitration of all disputes arising out of the contract. N.D.C.C. § 24–02–26; *Gratech,* 2003 ND 7, ¶ 19, 655 N.W.2d 417.

[¶ 15] Section 24–02–26.1, N.D.C.C., provides that, as a condition precedent to arbitration, any person seeking additional compensation for work not covered in the contract must file a written notice of claim:

Condition precedent to contractor demand for arbitration—Claims for extra compensation. In addition to the provisions of section 24–02–30, full compliance by a contractor with the provisions of this section is a condition precedent to the contractor's right to demand arbitration. If the contractor believes the contractor is entitled to additional compensation for work or materials not covered in the contract or not ordered by the engineer as extra work or force account work in accordance with the contract specifications, the contractor shall, prior to beginning the work which the claim will be based upon, notify the engineer in writing of the intent to make claim for additional compensation. If the basis for the claim does not become apparent until the contractor has commenced work on the project and it is not feasible to stop the work, the contractor shall immediately notify the engineer that the work is continuing and that written notification of the intent to make claim will be submitted within ten calendar days. Failure of the contractor to give the notification required and to afford the engineer facilities and assistance in keeping strict account of actual costs will constitute a waiver of claim for additional compensation in connection with the work already performed. Notification of a claim, and the fact that the engineer has kept account of the costs involved, may not be construed as proving or substantiating the validity or actual value of the claim.

Any person submitting a claim for compensation under this section, personally or on behalf of another person or entity, must do so in writing, not later than ninety days after the department has submitted the final estimate to the contractor. The claim must state the monetary amount of the claim, the reason for the claim, when the loss was incurred, and a short statement of the factual situation under which the claim

arose. The claim must be made under oath or equivalent affirmation. The director shall provide claim forms to persons requesting or indicating a need for them.

*See also Gratech*, 2003 ND 7, ¶ 11, 655 N.W.2d 417.

[¶ 16] In addition, § 104.06 of the contract requires that the contractor file a written notice of claim for additional compensation for work "not clearly covered in the Contract" and further provides:

Conditions Precedent to Contractor's Demand for Arbitration. Full compliance by the Contractor with Section 104.06 is a contractual condition precedent to the Contractor's right to demand arbitration.

No right shall exist to demand arbitration against the Department until the conditions specified in Section 104 and in Title 24 of the North Dakota Century Code have been complied with.

[¶ 17] Section 104.04 of the contract expressly requires written notice by the contractor for additional compensation claimed as a result of unanticipated site conditions:

During the progress of the work, if subsurface or latent physical conditions at the site which differ materially from those indicated in the Contract; or if unknown physical conditions of an unusual nature which differ materially from those ordinarily encountered and generally recognized as inherent in the work provided for in the Contract are encountered at the site, the party discovering such conditions shall promptly notify the other party in writing of the specific differing conditions before they are disturbed and before the affected work is performed.

Upon written notification, the Engineer will investigate the conditions, and if he/she determines that the conditions materially differ and cause an increase or decrease in the cost or time required for the performance of any work under the Contract, an adjustment, excluding loss of anticipated profits, will be made and the Contract modified in writing accordingly. The Engineer will notify the Contractor of his/her determination whether or not an adjustment of the Contract is warranted.

No Contract adjustment which results in a benefit to the Contractor will be allowed unless the Contractor has provided the required written notice.

There will be no Contract adjustment allowed on work not affected by the changed conditions.

Written notice of intent to file a claim, followed by the claim for extra compensation for differing site conditions shall be as outlined in Section 104.06.

The basis of Gratech's claim in this case is that the site conditions differed materially from the representations in the plans and contract.

[¶ 18] Gratech argues that the additional work in this case was work covered under the contract and, therefore, the notice requirement of N.D.C.C. § 24–02–26.1 does not apply. This Court rejected a similar argument in *Byron's Constr. Co. v. North Dakota State Highway Dep't*, 448 N.W.2d 630, 633–34 (N.D.1989) (citations omitted):

Byron's asserts that this notice requirement is not applicable because Byron's is seeking additional compensation for "work covered by the contract" as opposed to "work not covered in the contract." Byron's asserts that the notice provision is inapplicable to a contractor's request for additional compensation or an equitable adjustment involving an alteration of construction work under Contract Provision 104–2,

an increase or decrease of quantities under Contract Provision 104–3, the encountering of changed conditions under Contract Provision 104–4, or performance of extra work under Contract Provision 104–5.

Byron's interpretation of the notice requirement under Section 24–02–26.1, N.D.C.C., is much too narrow. That provision requires a contractor to give timely written notice as a prerequisite to claiming additional compensation unless the work or materials for which additional compensation is sought have been ordered by the engineer as extra work or force account work. The notice requirement protects important concerns of the state by permitting early investigation of the validity of a claim when evidence is still available, by allowing the Highway Department to compile records of the contractor's costs, and by allowing the Highway Department to consider alternate methods of construction to prevent unnecessary expenditures.

. . . .

We are unpersuaded that Byron's request for additional compensation is based upon work or materials "covered in the contract." With one exception, the work and materials for which Byron's seeks additional compensation were not part of the original contract language or a modification of the contract between the parties, nor the result of a change order or extra work order by the engineer. Consequently, Byron's was required to give notice under Section 24–02–26.1, N.D.C.C., as a prerequisite to claiming additional compensation beyond the contract price of $2,255,925. Byron's failure to give timely written notice constituted a waiver of its right to claim additional compensation and a failure of the condition precedent to demand arbitration of the matter.

[¶ 19] This Court reached a similar result in *Johnson Constr., Inc. v. Rugby Mun. Airport Auth.*, 492 N.W.2d 61 (N.D. 1992). The contract for construction of a new airport runway included a provision requiring a written notice of claim if the contractor sought additional compensation for "extra work." The contractor encountered unsuitable soil, allegedly resulting in additional excavation. The contractor failed to provide written notice under the contract, but sued the Airport Authority for damages, claiming the additional excavation was covered under the contract.

[¶ 20] This Court, relying upon the interpretation of N.D.C.C. § 24–02–26.1 in *Byron's*, rejected the contractor's argument that it was not required to give written notice of its claim:

We do not believe that there is a significant distinction between the notice requirement in § 24–02–26.1, N.D.C.C., and § 50–16 of the specifications. We conclude that if Johnson believed it was being requested by Rugby's engineer to perform more excavation and embankment work than it had anticipated, and for which it did not believe it was being compensated under the contract, it was required by § 50–16 of the specifications to notify the engineer in writing of its intent to make a claim for additional compensation. By failing to provide that written notice, Johnson waived all claims for additional compensation for excavation and embankment work.

Johnson argues that excavation and embankment "are clearly 'provided for in the awarded contract' and cannot be classified as 'extra work'" as defined in § 10–20 of the specifications. However, Johnson acknowledged in its brief:

"As a result of the decision of the project engineer [that much of the material directly under the topsoil was

not suitable for 'select embankment'], it was necessary to remove large quantities of earth, stockpile it and replace it after removing the material which was used for 'select embankment.' It is this *additional excavation* which forms the basis for the greater portion of the excavation claim of Johnson." (Emphasis added.) In our view, "additional excavation" is "extra work" as defined by § 10–20 of the specifications, for which notice of an intent to claim additional compensation is required before doing the work or the contractor waives the right to claim additional compensation for that work. In any event, the requirement of notice of a claim for work or materials "not provided for in the awarded contract" should alert a contractor to provide notice if any doubt exists as to the right to payment. The provision should be construed to encourage, not discourage, notice of a claim for additional compensation in order that the dispute be resolved then, when other options are available to the parties, rather than later when the work is completed and cannot be undone.

*Johnson,* 492 N.W.2d at 64.

[¶ 21] We agree with the results and rationale in *Byron's* and *Johnson.* The work for which Gratech sought additional compensation—additional excavation, subcutting, plowing, discing, and drying required because the soil conditions differed from the plans and the contract— was not provided for in the original contract. Accordingly, written notice was required under N.D.C.C. § 24–02–26.1 and § 104.06 of the contract. In addition, § 104.04 of the contract explicitly required written notice if additional compensation was sought for work resulting from "subsurface or latent physical conditions at the site which differ materially from those in-

dicated in the Contract." Gratech's failure to give written notice as required by statute and the contract constituted a waiver of its right to claim additional compensation and a failure of the condition precedent to demand arbitration of the matter. *See Johnson,* 492 N.W.2d at 64; *Byron's,* 448 N.W.2d at 634.

[¶ 22] We conclude the arbitrators did not err in determining that all but one of Gratech's claims were barred by Gratech's failure to file a notice of claim.

### III

[¶ 23] We have considered the remaining issues raised by the parties and find them to be without merit or unnecessary to our decision. The judgment is affirmed.

[¶ 24] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.