2007 ND 46

**GRATECH COMPANY, LTD., Plaintiff, Appellant and Cross–Appellee**

v.

**WOLD ENGINEERING, P.C., Defendant, Appellee and Cross–Appellant.**

No. 20060272.

Supreme Court of North Dakota.

March 27, 2007.

Ronald G. Schmidt of Schmidt, Schroyer, Moreno, Lee & Bachand, P.C., Rapid City, S.D., for plaintiff, appellant and cross-appellee.

Collin P. Dobrovolny of McGee, Hankla, Backes & Dobrovolny, Minot, N.D., for defendant, appellee and cross-appellant.

MARING, Justice.

[¶ 1] Gratech Company, Ltd., ("Gratech") appeals the district court's judgment confirming an arbitration award in favor of Wold Engineering, P.C., ("Wold") and against Gratech. Wold cross-appeals that part of the district court's judgment denying it attorney's fees. We hold that the district court's order confirming the arbitration award was proper because the arbitration award was neither completely irrational nor evidenced a manifest disregard for the law. We hold that a district court must provide its rationale for its decision on a request for attorney's fees so that this Court can properly review whether there was an abuse of discretion. Therefore, we affirm the district court's judgment confirming an arbitration award in favor of Wold, and reverse and remand that part of the judgment denying Wold

attorney's fees for the district court to explain its reasoning.

I

[¶ 2] Gratech entered into a contract with the North Dakota Department of Transportation ("NDDOT") on August 18, 1997, to work on U.S. Highway 281 in Rolette County. Wold entered into a subcontract with the NDDOT on April 9, 1998, to perform engineering work on the U.S. Highway 281 project.

[¶ 3] Gratech encountered poor soil conditions, which required additional subcutting, plowing, discing, and drying of the soil. Gratech requested additional compensation from the NDDOT. When the NDDOT denied Gratech's claim for additional compensation, Gratech filed a demand for arbitration. The arbitration panel concluded Gratech's failure to file a written notice of claim precluded arbitration of all but one of Gratech's claims against the NDDOT. This Court, in *Gratech Co. v. North Dakota Dep't of Transp.*, 2004 ND 61, 676 N.W.2d 781, affirmed a judgment dismissing Gratech's application to vacate the arbitration panel's decision. In *Gratech Co. v. North Dakota Dep't of Transp.*, Gratech asked this Court to adopt a de novo standard of review for questions of law in a statutorily-mandated arbitration. *Id.* at ¶¶ 10, 12. This Court decided it was unnecessary to resolve the issue because the arbitration panel correctly decided the issue regardless of the standard used. *Id.* at ¶ 13.

[¶ 4] In a complaint against Wold dated April 11, 2002, Gratech alleged breach of duty, bad faith, misconstruction of a contract, negligent misrepresentation, and deceit. Gratech, in its complaint, claimed Wold, contrary to the contract, classified plowing, discing, and drying as unplanned subcuts, or incidental work, and refused to pay for them. Purportedly unknown to

Gratech, at the beginning of the project Wold classified the unstable soils encountered during the project as unsuitable. Gratech contended Wold threatened liquidated damages if the project was not completed on time, even though Wold knew of the conditions that delayed the project. Gratech claimed Wold ordered and directed a substantial amount of uncompensated extra work.

[¶ 5] Wold answered on May 16, 2002, seeking dismissal of Gratech's complaint, attorney's fees, and a jury trial. On February 18, 2003, Wold moved for summary judgment, claiming Gratech's claims were barred by res judicata or collateral estoppel, or alternatively, Gratech was required to arbitrate all claims. Gratech moved for partial summary judgment on liability. The district court granted Wold's motion and denied Gratech's motion. In *Gratech Co. v. Wold Engineering, P.C.*, 2003 ND 200, ¶ 25, 672 N.W.2d 672, this Court held that N.D.C.C. § 24–02–26 required Gratech to arbitrate its claims against Wold.

[¶ 6] Subsequently, Gratech filed a demand for arbitration against Wold. On April 7, 2005, Wold moved for summary disposition of the arbitration proceedings based on res judicata, collateral estoppel, statute of limitations, and exclusivity of remedy. The motion was denied by the arbitrator, although he found Wold had satisfied the second, third, and fourth elements of collateral estoppel. The arbitrator determined the first element of collateral estoppel had not been established, as a matter of law and, therefore, required an evidentiary hearing. Following a four day hearing, on January 11, 2006, the arbitrator awarded Gratech nothing on its claims against Wold, but awarded Wold costs. In his explanation of the award, the arbitrator stated that the claim was barred by res judicata and collateral estoppel. The arbitrator found that "the facts giving rise to

Gratech's claim in the first arbitration against ND/DOT are the same in this, the second arbitration."

[¶ 7] On January 13, 2006, Gratech moved to vacate the arbitration award and sought a new arbitrator. Wold moved to have the arbitration award confirmed. On September 13, 2006, the district court denied Gratech's motion to vacate the arbitration award. The district court entered judgment confirming the arbitrator's award in favor of Wold, but denying Wold's request for attorney's fees. Gratech appeals the district court's judgment confirming the arbitration award and Wold cross-appeals that part of the district court's judgment denying it attorney's fees.

II

[¶ 8] Gratech argues the district court's judgment confirming the arbitration award in favor of Wold should be reversed and the arbitration award vacated because the arbitration award was completely irrational, or alternatively, evidences a manifest disregard for the law. This Court has said before, "without a transcript, we would not be able to conduct a meaningful review of the ... factual findings." *Superpumper, Inc. v. Nerland Oil, Inc.*, 2003 ND 33, ¶ 17, 657 N.W.2d 250. "The appellant assumes the consequences and the risk for the failure to file a complete transcript. If the record on appeal does not allow for a meaningful and intelligent review of alleged error, we will decline review of the issue." *Id.* This Court, in *Superpumper*, reviewed the issue under the limited record, because a transcript was not provided. *Id.* at ¶ 18. In this case, there is not a transcript of the arbitration proceeding. Gratech, as the appellant, assumed the consequences and risk for failing to file a complete transcript. This Court's ability to administer a mean-

ingful and intelligent review is severely hindered by the incomplete record available on appeal. This Court, therefore, reviews the issues under the limited record provided.

[¶ 9] Gratech relies on N.D.C.C. § 32–29.3–23 to support its claim that the arbitration award should be vacated.

1. Upon motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if:

. . . .

d. An arbitrator exceeded the arbitrator's powers;

. . . .

3 . . . . If the award is vacated on a ground stated in subdivision . . . d . . . of subsection 1, the rehearing may be before the arbitrator who made the award or the arbitrator's successor.

N.D.C.C. § 32–29.3–23.

[¶ 10] In *Nelson Paving Co. v. Hjelle,* 207 N.W.2d 225, 234 (N.D.1973), this Court, after considering decisions from other jurisdictions, adopted the rule that an arbitration award will not be vacated unless the award is completely irrational. An arbitration award is only vacated "if it is completely irrational, in that the decision is either mistaken on its face or so mistaken as to result in real injustice or constructive fraud. An arbitrator's mistake as to fact or law is not a sufficient ground for overturning an arbitration award." *John T. Jones Construction Co. v. City of Grand Forks,* 2003 ND 109, ¶ 9, 665 N.W.2d 698 (citation omitted). "Arbitrators, acting under the authority granted to them by a contract or statute, unless expressly limited by the terms of the contract or statute, are the judges of both the law and the facts." *State v. Gratech Co.,* 2003 ND 7, ¶ 12, 655 N.W.2d 417.

[¶ 11] In *Scherbenske Excavating, Inc. v. North Dakota State Highway Dep't,* 365 N.W.2d 485, 487–88 (N.D.1985), this Court discussed the completely irrational standard by reviewing other courts' analyses. " 'As long as the award "draws its essence" from the contract, and is based upon a "passably plausible" interpretation of the contract, it is within the arbitrator's authority and our review must end.' " *Id.* at 487 (quoting *Rhode Island Council 94 v. State,* 456 A.2d 771, 773 (R.I.1983)). "Yet another explanation of the completely irrational standard of review is that an arbitrator exceeds his powers when he gives a completely irrational construction to the agreement in dispute, thereby effectively creating a new contract between the parties." *Scherbenske,* 365 N.W.2d at 487–88 (citing *Sweeney v. Herman Mgmt., Inc.,* 85 A.D.2d 34, 447 N.Y.S.2d 164, 168 (N.Y.App.Div.1982)). "[T]he definitive constituents of a completely irrational award cannot be formulated in the abstract but, . . . can best be developed on a case-by-case basis." *Scherbenske,* 365 N.W.2d at 488.

> Obviously, the effect of applying the clearly irrational standard of review is to give to the arbitrators every benefit of every doubt. It affords them the widest latitude to exercise their authority and arrive at their decision without the customary restraints of traditional judicial review. It is but a reflection of the strong public policy favoring the arbitration process. We find no reasons compelling or persuasive enough to warrant revising the completely irrational standard of review and therefore we decline to overrule or modify *Nelson Paving.*

*Scherbenske,* 365 N.W.2d at 489.

[¶ 12] The Court of Appeals for the Eighth Circuit has adopted an expanded standard of review. "We have allowed that, beyond the grounds for vacation pro-

vided in the [Federal Arbitration Act], an award will only be set aside where it is completely irrational or evidences a manifest disregard for the law." *Hoffman v. Cargill Inc.*, 236 F.3d 458, 461 (8th Cir. 2001). "These extra-statutory standards are extremely narrow: An arbitration decision may only be said to be irrational where it fails to draw its essence from the agreement, and an arbitration decision only manifests disregard for the law where the arbitrators clearly identify the applicable, governing law and then proceed to ignore it." *Id.* at 461–62. "Any disregard must be made clearly to appear. . . ." *Lincoln Nat'l Life Ins. Co. v. Payne*, 374 F.3d 672, 674 (8th Cir.2004). "[T]here must be some evidence in the record, other than the result, that the arbitrators were aware of the law and intentionally disregarded it." *Id.* at 675. "Manifest disregard requires something more than a mere error of law. If an arbitrator, for example, stated the law, acknowledged that he was rendering a decision contrary to law, and said that he was doing so because he thought the law unfair, that would be an instance of 'manifest disregard.'" *Id.*

[¶ 13] "Arbitration is not a perfect system of justice, nor [is it] designed to be." *Hoffman*, 236 F.3d at 462. "Where arbitration is contemplated the courts are not equipped to provide the same judicial review given to structured judgments defined by procedural rules and legal principles. Parties should be aware that they get what they bargain for and that arbitration is far different from adjudication." *Id.*

[¶ 14] Gratech argues the arbitrator manifestly disregarded the law on collateral estoppel. "Collateral estoppel bars relitigation of issues which were necessarily litigated and decided, or which by implication must have been litigated and decided, in a prior action." *Riverwood*

*Commercial Park v. Standard Oil Co.*, 2007 ND 36, ¶ 20. "Historically, collateral estoppel was limited by the principle of mutuality, which means that a judgment can operate as collateral estoppel only where all the parties to the proceeding in which the judgment is relied upon were bound by the judgment." *Hofsommer v. Hofsommer Excavating, Inc.*, 488 N.W.2d 380, 384 (N.D.1992). "Although the principle of mutuality has been abandoned in numerous jurisdictions, this Court has applied the mutuality rule as a prerequisite to the application of collateral estoppel." *Id.* (citation omitted).

Four tests must be met before collateral estoppel will bar relitigation of a fact or issue involved in an earlier lawsuit: (1) Was the issue decided in the prior adjudication identical to the one presented in the action in question?; (2) Was there a final judgment on the merits?; (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?; and (4) Was the party against whom the plea is asserted given a fair opportunity to be heard on the issue?

*Id.*

"[O]nly parties or their privies may take advantage of or be bound by the former judgment." *Id.* "In general, privity exists if a person is so identified in interest with another that he represents the same legal right." *Id.* "Fundamental fairness underlies any determination of privity." *Id.*

[¶ 15] Gratech contends we should adopt the standard of review adopted by the Court of Appeals for the Eighth Circuit. This case is not one in which this Court needs to address a change in the applicable standard of review because under either the completely irrational standard or the manifest disregard for the law standard, we would affirm the district

court's judgment confirming the arbitration award in favor of Wold. First, the arbitrator did not act in a completely irrational manner. The arbitration award was not so mistaken that it resulted in real injustice or constructive fraud. Further, the arbitrator's decision did not evidence a manifest disregard for the law. The arbitrator stated the correct law and applied it as he understood it. There is nothing in the record we have that evidences the arbitrator knew the law and intentionally disregarded the law. Even if the arbitrator was mistaken as to the application of the law of collateral estoppel, it would not meet either standard. We therefore leave for another day the decision whether to adopt the manifest disregard for the law standard when the question is one of law. Additionally, in *Gratech Co. v. Wold Engineering, P.C.*, 2003 ND 200, 672 N.W.2d 672, this Court remanded under the completely irrational standard.

## III

[¶ 16] Wold cross-appeals, arguing that the district court improperly denied its request for attorney's fees without any explanation. Wold contends that the district court's judgment should be remanded as it pertains to attorney's fees so that the district court can provide an explanation for its decision to deny attorney's fees, or if appropriate, award attorney's fees.

[¶ 17] A successful litigant is not entitled to attorney's fees unless they are expressly authorized by statute or by agreement of the parties. *In re Estate of Lutz*, 2000 ND 226, ¶ 33, 620 N.W.2d 589; *see* N.D.C.C. § 32–29.3–21(2). Wold moved for attorney's fees under N.D.C.C. § 32–29.3–25(3), which establishes the awarding of attorney's fees under the Uniform Arbitration Act:

On application of a prevailing party to a contested judicial proceeding under section 32–29.3–22, 32–29.3–23, or 32–29.3–24, the court may add reasonable attorney's fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award.

This section specifically provides that a district court may award attorney's fees incurred in a judicial proceeding. In this case, the district court had the discretion to award or not award attorney's fees to Wold.

[¶ 18] This Court reviews a district court's decision regarding attorney's fees under the abuse of discretion standard. *City of Medora v. Golberg*, 1997 ND 190, ¶ 18, 569 N.W.2d 257. A district court abuses its discretion if it acts in an arbitrary, unconscionable, or unreasonable manner, or if it misinterprets or misapplies the law. *Id.*

[¶ 19] Whether this Court reviews the reasonableness of attorney's fees under Rule 52 of the North Dakota Rules of Civil Procedure or under the abuse of discretion standard, facts are required. *City of Bismarck v. Thom*, 261 N.W.2d 640, 647 (N.D.1977). "Where no evidence [is] introduced and where the trial court [makes] no specific findings of fact to support its determination on attorney fees, it is impossible for this Court on appeal to appropriately review the decision (determination) of the trial court." *Id.* In *Farmland Mut. Ins. Co. v. Farmers Elevator, Inc.*, 404 N.W.2d 473, 479 (N.D.1987), the trial court did not provide reasons for its award of attorney's fees. This Court remanded the issue of attorney's fees "for the trial court to make a redetermination which [was] based upon an expressed rationale." *Id.*

[¶ 20]   Here, the district court made no findings of fact to support its denial of attorney's fees.   Without an explanation, this Court is unable to determine whether the district court abused its discretion in denying Wold attorney's fees because the district court has not provided a rationale for its decision.   Therefore, the district court's order denying Wold attorney's fees is remanded so the court can redetermine attorney's fees based on an expressed rationale.   *See Farmland Mut. Ins. Co.,* 404 N.W.2d at 479.

## IV

[¶ 21]   We affirm the district court's judgment confirming the arbitration award in favor of Wold and reverse and remand for a redetermination of attorney's fees based on an expressed rationale.

[¶ 22]STEVEN L. MARQUART, D.J., and DANIEL J. CROTHERS, J.

[¶ 23] The Honorable STEVEN L. MARQUART, D.J., sitting in place of Chief Justice GERALD W. VANDE WALLE, disqualified.

KAPSNER, Justice, concurring in part and dissenting in part.

[¶ 24]   I join in the majority's affirmance of the district court's judgment confirming the arbitrator's award.   I would also affirm the district court's denial of attorney fees.   Section 32–29.3–25(3), N.D.C.C., provides:

On application of a prevailing party to a contested judicial proceeding under section 32–29.3–22, 32–29.3–23, or 32–29.3–24, the court may add reasonable attorney's fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award.

The award of attorney fees to a prevailing party is not mandatory, but discretionary, under this statute.   In the cases cited by the majority, attorney fees *were* awarded in litigation, either for unexplained or inappropriate reasons, or the awards were measured by inappropriate standards.   *City of Medora v. Golberg,* 1997 ND 190, ¶ 22, 569 N.W.2d 257;   *Farmland Mut. Ins. Co. v. Farmers Elevator, Inc.,* 404 N.W.2d 473, 479 (N.D.1987); *City of Bismarck v. Thom,* 261 N.W.2d 640, 647 (N.D. 1977).   Here, the court awarded no attorney fees.   The matter was before the court only as the culmination of an arbitration proceeding.   There are two significant differences.   First, no award was made so there can be no explanation as to why an award was made or how the amount of the award was computed.   Second, this is essentially an arbitration matter.   It makes little sense to impose strict litigation standards only in the concluding phases when parties have used an alternative method as the primary means to resolve their dispute, especially when we review the arbitration award under the completely irrational standard of review.

[¶ 25]DALE V. SANDSTROM, J., agrees.