# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2022 ND 233

Justin A. Shafer,                                    Plaintiff and Appellant

    v.

Justin Scarborough, individually and d.b.a.

Diamond Development & Custom Homes, L.L.C.;    Defendants and Appellees

    and

Trilite Stone, Inc., a Minnesota Corp.; ProBuild,

a Colorado Limited Liability Company;                          Defendants

### No. 20220124

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Paul W. Jacobson, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Charles L. Neff, Williston, ND, for plaintiff and appellant.

H. Malcolm Pippin, Williston, ND, for defendants and appellees.

# Shafer v. Scarborough
## No. 20220124

**VandeWalle, Justice.**

[¶1]  Justin Shafer appealed from a district court judgment confirming an arbitration award against Diamond Development & Custom Homes, L.L.C. Shafer argues the district court erred by failing to increase the amount of damages he was awarded. He also argues this Court should narrowly expand the standard for reviewing an arbitration award. We reject Shafer's request to expand the standard of review, and we conclude the district court did not err in confirming the arbitration award. We affirm.

I

[¶2]  In 2015, Shafer sued Justin Scarborough, individually and doing business as Diamond, seeking damages for claims of breach of contract, negligence, unjust enrichment, and fraud in the inducement related to the construction of a new home. Shafer alleged he entered into a contract with Diamond as the general contractor to build a new home for $678,000, Diamond failed to construct the home in a timely manner, there were numerous defects in the work Diamond completed, and there were substantial mold and water issues. Shafer alleged he terminated the contract with Diamond and hired another company to remove the mold and repair and finish the home.

[¶3]  Scarborough and Diamond moved to compel arbitration and stay the proceedings. They alleged the construction contract has an arbitration provision requiring arbitration of all disputes. Shafer opposed the motion to compel arbitration. Scarborough and Diamond also filed an answer and counterclaim.

[¶4]  In July 2016, the district court determined an enforceable arbitration provision exists in the parties' contract and compelling arbitration would allow that process to occur. The court granted the motion to compel arbitration and stayed the proceedings.

[¶5]  The parties completed arbitration, and the arbitrator issued a final award in favor of Shafer. The arbitrator found that Diamond breached the parties' construction contract and its warranties under the contract and that Shafer suffered damages as a result of the breaches. The arbitrator awarded Shafer $419,057.71 in damages and $26,702.13 in prejudgment interest. The arbitrator also awarded Shafer $21,226.31 for the cost of the arbitration. The total amount of the award was $466,986.15.

[¶6]  In June 2021, Shafer moved in the district court to modify the arbitration award to increase the damages to the contract amount of $678,000. He argued Diamond did not substantially complete the Shafer home, the doctrine of substantial performance applies, the arbitrator's findings provide a factual basis for the court to apply the doctrine, and the full amount of the contract is the proper measure of damages under the doctrine of substantial performance. He alternatively requested the court confirm the arbitration award against Diamond.

[¶7]  Diamond moved to deny or reduce the arbitration award. Diamond argued Shafer destroyed or withheld evidence, Diamond was not liable for the acts or omissions of independent contractors, and Shafer should not be awarded any damages.

[¶8]  The district court confirmed the arbitration award. The court adopted the arbitrator's factual findings without change or modification. The court determined that the arbitrator correctly applied North Dakota law to the factual findings and that the award was not irrational and does not contain a "manifest disregard of the law." The court confirmed the award and ordered judgment be entered accordingly.

[¶9]  Shafer moved for specific findings. The district court denied the motion. Judgment was entered against Diamond for $466,986.15 plus interest.

II

[¶10] Shafer argues the district court erred in reviewing the arbitration award by failing to apply the law of substantial performance for construction

2

contracts to the facts as found by the arbitrator and increase the damages. Shafer claims he should be awarded the entire contract amount as damages under the substantial performance doctrine because Diamond did not substantially perform the contract.

[¶11] Review of an arbitration award is limited. An arbitration award will not be vacated unless it is completely irrational. *Gratech Co., Ltd. v. Wold Eng'g, P.C.*, 2007 ND 46, ¶ 10, 729 N.W.2d 326. An arbitration award is completely irrational if "the decision is either mistaken on its face or so mistaken as to result in real injustice or constructive fraud." *Id*. "An arbitrator's mistake as to fact or law is not a sufficient ground for overturning an arbitration award." *Id*. We have explained the clearly irrational standard of review gives "the arbitrators every benefit of every doubt. It affords them the widest latitude to exercise their authority and arrive at their decision without the customary restraints of traditional judicial review. It is but a reflection of the strong public policy favoring the arbitration process." *John T. Jones Constr. Co. v. City of Grand Forks*, 2003 ND 109, ¶ 9, 665 N.W.2d 698 (quoting *Scherbenske Excavating, Inc. v. N.D. State Highway Dep't*, 365 N.W.2d 485, 489 (N.D. 1985)).

[¶12] The arbitrator made detailed findings of fact, including Diamond did not finish construction of the house, the house had mold issues requiring mold remediation, there were problems with the trusses and the problems could weaken the integrity of the structure and potentially lead to structural failure if not repaired, and there were other defects in the construction. The arbitrator determined Diamond breached the parties' construction contract and warranties under the contract, and Shafer suffered damages as a result of Diamond's breaches. The arbitrator considered Shafer's request of $678,000 in damages, but found such an award would be excessive and the damages caused by Diamond did not exceed the contract price. The arbitrator concluded the cost of repair was the only viable measure of damages, and awarded Shafer damages in the amount of $419,057.71 against Diamond.

[¶13] Under N.D.C.C. § 32-03-09, the measure of damages for a breach of contract is the amount which will compensate the aggrieved party for the

detriment proximately caused by the breach. This Court has repeatedly held there are two potential measures of damages for breach of a construction contract, either the cost of repair or the difference in value between what would have been built according to the contract and what was actually built. *See Swain v. Harvest States Coop.*, 469 N.W.2d 571, 573 (N.D. 1991); *Biteler's Tower Serv., Inc. v. Guderian*, 466 N.W.2d 141, 146 (N.D. 1991); *Dittmer v. Nokleberg*, 219 N.W.2d 201, 206 (N.D. 1974); *Dobler v. Malloy*, 214 N.W.2d 510, 518 (N.D. 1973). The arbitrator used the cost of repairs to calculate the damages in this case and found the amount requested by Shafer was excessive. The arbitrator's choice of one of the recognized measures of damages is not completely irrational.

[¶14] Shafer conceded during argument that the arbitration award is not completely irrational. We agree. We conclude the district court did not err in confirming the arbitration award.

## III

[¶15] Shafer argues we should narrowly expand the grounds for review of an arbitration award to include whether there was an intentional disregard for the applicable law. He contends this Court previously considered adopting this standard in *Gratech*, 2007 ND 46, and the standard should be adopted and applied in this case because the arbitrator willfully disregarded the law of substantial performance in determining the damages.

[¶16] The grounds for modifying or vacating an arbitration award are governed by statute. *See* N.D.C.C. §§ 32-29.3-23 and 32-29.3-24. A party can request the district court confirm an arbitration award under N.D.C.C. § 32-29.3-22, modify or correct an arbitration award under N.D.C.C. § 32-29.3-24, or vacate an award under N.D.C.C. § 32-29.3-23. An award may be modified if:

> a. There was an evident mathematical miscalculation or an evident mistake in the description of a person, thing, or property referred to in the award;
> b. The arbitrator has made an award on a claim not submitted to the arbitrator and the award may be corrected without affecting the merits of the decision upon the claims submitted; or

4

> c. The award is imperfect in a matter of form not affecting the merits of the decision on the claim submitted.

N.D.C.C. § 32-29.3-24. An award may be vacated for a number of reasons, including if:

> a. The award was procured by corruption, fraud, or other undue means;
> b. There was:
>> (1) Evident partiality by an arbitrator appointed as a neutral arbitrator;
>> (2) Corruption by an arbitrator; or
>> (3) Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding; [or]
>
> . . .
> d. An arbitrator exceeded the arbitrator's powers[.]

N.D.C.C. § 32-29.3-23(1).

[¶17] Sections 32-29.3-23 and 32-29.3-24, N.D.C.C., list the grounds upon which an arbitration award may be modified or vacated. The statutes do not explicitly authorize modifying or vacating an award that evidences a manifest disregard of the law.

[¶18] In *Gratech*, 2007 ND 46, ¶ 12, we acknowledged the Eighth Circuit Court of Appeals adopted an expanded standard for review of arbitration awards beyond the statutory grounds to allow an award to be vacated when the award is completely irrational or evidences a manifest disregard for the law. *See Lincoln Nat'l Life Ins. Co. v. Payne*, 374 F.3d 672, 674 (8th Cir. 2004); *Hoffman v. Cargill Inc.*, 236 F.3d 458, 461 (8th Cir. 2001). However, we ultimately determined that we did not need to address whether the standard of review should be expanded because the district court's decision confirming the arbitration award would be affirmed under either the completely irrational or manifest disregard standard. *Gratech*, at ¶ 15.

[¶19] Although we previously discussed an expanded standard of review, N.D.C.C. §§ 32-29.3-23 and 32-29.3-24 authorize the grounds upon which an arbitration award may be vacated or modified. The statutes are part of the

Uniform Arbitration Act, which is a uniform law. "Any provision in this code which is a part of a uniform statute must be so construed as to effectuate its general purpose to make uniform the law of those states which enact it." N.D.C.C. § 1-02-13.

[¶20] Section 32-29.3-23, N.D.C.C., which provides the grounds for vacating an arbitration award, is based on the Uniform Arbitration Act § 23 (2000). *See Hearing on S.B. 2061 Before the House Judiciary Comm.*, 58th N.D. Legis. Sess. (Mar. 3, 2003) (testimony about the bill by Sen. Tom Trenbeath); Unif. Arbitration Act (2000), U.L.A. Refs & Annos (table of jurisdictions wherein the act has been adopted). The comments to this section of the uniform law indicate including the "manifest disregard of the law" standard as a ground for vacating an arbitration award was considered and ultimately rejected by the Committee of the Whole at the July 2000 meeting of the National Conference of Commissioners on Uniform State Laws. *See* Unif. Arbitration Act § 23 (2000), comment.

[¶21] The drafters of the uniform law chose not to include the "manifest disregard of the law" standard as a ground for vacating an arbitration award. We may look to this comment from the official editorial board for guidance when we interpret and apply the uniform law's provisions. *See In re Bradley K. Brakke Trust*, 2017 ND 34, ¶ 12, 890 N.W.2d 549. Furthermore, courts in other jurisdictions that have adopted the Uniform Arbitration Act (2000) have also declined to expand the grounds for vacating an arbitration award to include the manifest disregard of the law standard. *See Coors Brewing Co. v. Cabo*, 114 P.3d 60, 64-66 (Colo. App. 2004); *Floor Solutions, LLC v. Johnson*, 322 Or. App. 417, 422 (Ore. Ct. App. 2022). Because N.D.C.C. § 32-29.3-23 is a uniform law, we must construe the statute to provide consistency and uniformity in the law. *See Smith v. Hall*, 2005 ND 215, ¶ 17, 707 N.W.2d 247.

[¶22] We are bound by the statutory standard for reviewing arbitration awards, and we do not have authority to expand the grounds for vacating an arbitration award. It is for the legislature to decide to modify the statute and expand the grounds for vacating an arbitration award. We reject Shafer's

request to expand the review of an arbitration award by adopting the manifest disregard of the law standard.

IV

[¶23] We affirm the judgment confirming the arbitration award.

[¶24] Jon J. Jensen, C.J.
  Gerald W. VandeWalle
  Daniel J. Crothers
  Lisa Fair McEvers
  Jerod E. Tufte